**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| A. Miner Contracting, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Dana Kepner Company, Inc., a Delaware corporation; Does 1-50; Black & White Companies; Limited Liability Companies or Partnerships I-X,<br><br>Defendants. | No. CV-15-01904-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiff's Petition to Vacate Arbitration Award and Award of Fees and Costs (Doc. 1) and the parties' accompanying briefs. For the reasons that follow, the Petition will be denied.

**I.    BACKGROUND**

In 2010, A. Miner Contracting, Inc. ("Miner") sued Dana Kepner Company, Inc. ("Kepner") on various tort and contract claims. The parties agreed to arbitration and selected as their arbitrator a partner at a local law firm. After a three-day hearing, the arbitrator rejected Miner's claims, found in favor of Kepner's counterclaims, and awarded fees and costs to Kepner. The arbitrator's final decision, issued in June 2012, awarded Kepner a total of $626,892.36. Miner paid the award immediately.

Later that year, Miner petitioned the Court to vacate the award on the grounds that the arbitrator exceeded his authority and his decision lacked legal support. *See A. Miner Contracting, Inc. v. Dana Kepner Co.*, No. CV-12-08198-PHX-GMS, 2012 WL 6674430, at *1 (D. Ariz. Dec. 20, 2012). The Court denied the petition. *Id.*

Now, Miner again petitions the Court to vacate the award, this time on the ground that the arbitrator was biased. Miner's bias theory rests on the following factual allegations: During the arbitration, other partners at the arbitrator's law firm were representing a man in a high-profile divorce. That man, himself an attorney, was representing a party adverse to Miner in substantial, unrelated litigation. In other words, during the arbitration the arbitrator's firm's client's client opposed Miner in a separate proceeding. Because the arbitrator did not disclose this relationship, Miner contends the award should be vacated.

Kepner contends Miner's petition is untimely and does not allege bias sufficient to justify vacating the award.

## II.  ANALYSIS

### A.  Timeliness

Under the Federal Arbitration Act, a petition to vacate an arbitration award must be brought within three months after the award is filed or delivered. 9 U.S.C. § 12; *see also United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 919 n.8 (9th Cir. 2009). Here, the arbitrator issued his final decision in June 2012, and Miner filed its current petition in September 2015. Thus, the petition is three years too late. *See Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1339 (9th Cir. 1986) (finding attempt to vacate award after one year untimely).

Although the statute contains no explicit exception to the limitations period, Miner urges the Court to apply the doctrine of equitable tolling. Miner requests leniency

because, unlike the arbitrator and Kepner, Miner only recently discovered evidence of the arbitrator's bias.

There are two problems with this argument. First, the Ninth Circuit rejected a similar argument in *Lafarge*. There, a party attempted to vacate an arbitration award "by way of a Rule 60(b) motion with a claim of newly discovered evidence." 791 F.2d at 1338. The court denied the motion and noted that "[n]ewly discovered evidence does not justify vacation of an award." *Id.* at 1339 (citing *Shearson Hayden Stone, Inc. v. Liang*, 653 F.2d 310, 313 (7th Cir. 1981)). Indeed, Miner cites no instance of a court making any exception to the Federal Arbitration Act's limitations period, much less an exception based on new evidence.

Second, even if new evidence could justify vacating an award in some cases, Miner does not adequately explain why vacation is justified in *this* case. The evidence on which Miner relies appears to be public information about the identities of attorneys in conspicuous lawsuits. It is unclear why Miner could not have discovered or presented this information sooner. To entertain Miner's petition now, three years later, would unwisely "create a rule that encourages losing parties to challenge arbitration awards on the basis of pre-existing, publicly available background information . . . ." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 646 (9th Cir. 2010).

Therefore the limitations period will not be tolled, and Miner's petition is time-barred.

### B.     Sufficiency of Allegations

In addition to timing limitations, the Federal Arbitration Act limits the grounds on which a federal court may vacate an arbitration award. The statute permits vacation only if (1) corruption or fraud was involved, (2) the arbitrator was evidently partial or corrupt, (3) the arbitrator was guilty of misbehavior, or (4) the arbitrator exceeded his or her powers. 9 U.S.C. § 10. "These grounds afford an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public

intrusion into private arbitration procedures." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003).

Miner invokes the second statutory ground for vacation, alleging the arbitrator was "evidently partial."  Evident partiality can arise from either actual bias or nondisclosure on the arbitrator's part. *Woods v. Saturn Distribution Corp.*, 78 F.3d 424, 427 (9th Cir. 1996).  Miner alleges nondisclosure.  Accordingly, Miner must show that the arbitrator failed to disclose information that creates a "reasonable impression of bias." *Id.*; *see also Lagstein*, 607 F.3d at 645-46.

Miner's petition does not identify any such information.  Instead, the petition describes a complex relationship between the arbitrator and one of Miner's litigation adversaries.  This relationship is too tenuous to create a "reasonable impression of bias."

This is not a case where the arbitrator had previously represented one of the parties or their adversaries.  This is not even a case where a member of the arbitrator's firm had previously represented one of the parties or their adversaries.  This is a case where the arbitrator's firm's *client* represented one of the parties' adversaries in litigation unrelated to, but concurrent with, the arbitration.  To a reasonable observer, this tangled web of connections creates disorientation, not an impression of bias.

A contrary ruling would defy common sense.  To infer bias here would impose on prospective arbitrators an obligation to investigate the activities of each of their firm's clients.  This obligation would be unworkable, especially for arbitrators with day jobs in very large firms.

Miner cites no instance of a court inferring partiality in a comparable situation. Miner's reliance on *Commonwealth Coatings Corp. v. Continental Casualty Co.* is misplaced.  There, one of the parties to the arbitration was a "regular customer[]" of the arbitrator's business, and the arbitrator failed to disclose the "close financial relations that had existed between them for a period of years." 393 U.S. 145, 146-48 (1968).  That is not this case.

Therefore, even if Miner's petition were timely, it fails to sufficiently allege partiality.

IT IS THEREFORE ORDERED that Plaintiff's Petition to Vacate Arbitration Award and Award of Fees and Costs (Doc. 1) is denied. The Clerk shall terminate this case.

Dated this 15th day of January, 2016.

Neil V. Wake
United States District Judge